**William FALLIN, Plaintiff-Appellant,**

v.

**KNOX COUNTY BOARD OF COMMIS-SIONERS and Grace W. Joyner, Defendants-Appellees.**

Supreme Court of Tennessee, at Knoxville.

Aug. 29, 1983.

R. Thomas Stinnett, Knoxville, for plaintiff-appellant.

Dale Workman, H.W. Asquith, Knoxville, for defendants-appellees.

## OPINION

BROCK, Justice.

The plaintiff, Fallin, brought this action seeking to invalidate a resolution enacted by the defendant Board of Commissioners on September 4, 1979, which purported to amend the comprehensive zoning ordinance controlling land use in that part of Knox County lying outside the Knoxville city limits. The effect of the amendment was to change the zoning of a 10.6 acre tract owned by defendant Joyner from the Agricultural classification to the Residential "B" classification, thereby permitting Joyner to build approximately 275 apartment units on the 10.6 acre tract. All the property adjacent and contiguous to the Joyner tract, including that of the plaintiff, Fallin, is zoned either Agricultural or Residential "A" which permit the construction of only one single family residence per acre.

The plaintiff asserted that the amendatory resolution amounted to "spot zoning" in that it singled out a small parcel of land belonging to the defendant, Joyner, for a land use, i.e., the erection of multi-family apartment buildings, which is inconsistent with the established comprehensive zoning scheme and was accomplished for the private benefit of defendant Joyner to the detriment of the plaintiff and others residing in the vicinity of the Joyner property. Thus, plaintiff alleges:

"... Said amendatory resolution is unconstitutional, illegal, null and void, in that it constitutes an instance of arbitrary and unreasonable spot zoning bearing no substantial relationship to the public health, safety, and welfare of Knox County and its inhabitants; but contrary to provisions of the Knox County Zoning resolution, it is detrimental thereto and has no effect other than to confer a special privilege furthering the private interests of Grace W. Joyner, while depriving plaintiffs and other property owners in the neighborhood of their rights, values and privileges in and to their properties."

Plaintiff further alleges that the use sought to be permitted by this amendatory resolution would

"... arbitrarily and unreasonably change the existing character of the neighborhood by increasing congestion in the streets, particularly on Concord Road, causing an overcrowding of land, diminishing the adequate provision of transportation, water, sewage, schools, parks and other public services, causing disturbing noises and unnecessary dangers incident to increased traffic and business, and destroying the open spaces and attractive surroundings created by the residential and agricultural nature of the neighborhood; all of which will destroy the desirability and value of the property in the neighborhood, including plaintiff's properties, for highly desirable single family residential purposes."

The relief prayed was:

"That this court declare the amendatory resolution of the Knox County Board of Commissioners relating to the Joyner property to be null and void."

The complaint was in the form of a petition for a writ of certiorari; the writ was prayed for and granted. The defendants answered, admitting the enactment of the amendatory resolution and asserting its validity.

The Chancellor conducted an oral hearing, reviewed the record certified to his court from the Board of Commissioners, and received the testimony of witnesses offered by the parties to support their contentions respecting the validity of the amendatory resolution. At the conclusion of this hearing, the Chancellor made his findings of fact and conclusions of law and held, under the authority of *Grant v. McCullough*, 196 Tenn. 671, 270 S.W.2d 317 (1954), that the amendatory resolution in question amounted to unconstitutional "spot zoning" and was, therefore, invalid.

On appeal, the Court of Appeals concluded that

"... the facts as they were made to appear to the Commissioners justified their action in re-zoning the ten and one-half acre parcel and that the chancery court was in error in invalidating it."

The decree of the chancellor was reversed and the suit dismissed.

I

Before reaching the merits of this controversy, we deem it appropriate to consider the procedure available to litigants who seek review of zoning action taken by county or municipal authorities and the scope of review by the courts of factual determinations made by such zoning authorities.

The case law of this State which has permitted court review of purely legislative action by means of the "common law" writ of certiorari, T.C.A., § 27–8–101, is highly unusual and probably is incorrect. Certainly, the general rule is to the contrary. *See* 14 Am.Jur.2d *Certiorari* §§ 19, 71 (1964); 14 C.J.S. *Certiorari* § 18b (1939) at 149; 4 Anderson *American Law of Zoning,* § 25.07 (2d ed. 1977); *In Re Markham,* 259 N.C. 566, 131 S.E.2d 329 (1963), *cert. denied* 375 U.S. 931, 84 S.Ct. 332, 11 L.Ed.2d 263 (1963).

"Generally, certiorari will not lie to review acts which are purely legislative in character, whether they are performed by an inferior tribunal or board or by an officer." 14 Am.Jur.2d *Certiorari* § 19 (1964) at 795–96.

Nevertheless, in cases too numerous to cite, this Court has permitted judicial review of the validity of zoning ordinances and resolutions by means of the "common law" writ of certiorari, T.C.A., § 27–8–101, and T.C.A., §§ 27–9–101—27–9–114. This has been done despite the fact that the plain language of these code provisions appear to restrict the remedy afforded thereby to a review of *judicial* determinations by lower tribunals or administrative agencies. Thus, T.C.A., § 27–8–101, provides:

"The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer *exercising judicial functions* has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." (Emphasis added.)

Likewise, T.C.A., § 27–9–101, provides: "Anyone who may be aggrieved by any *final order or judgment* of any board or commission functioning under the laws of this state may have said *order or judgment* reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter." (Emphasis added.)

Other provisions of this statutory scheme plainly presuppose that a judicial or quasi-judicial proceeding is the subject of review and that a "record" of evidence, common in such proceedings, is available for certification to the reviewing court. *See,* T.C.A., §§ 27–9–102, 27–9–104, 27–9–106, 27–9–108, 27–9–109, 27–9–111.

In *Holdredge v. City of Cleveland,* 218 Tenn. 239, 402 S.W.2d 709 (1966), the plaintiffs brought an action seeking to invalidate an ordinance which amended the comprehensive zoning ordinance of the City of Cleveland on the ground that the amendment amounted to spot zoning. The remedy employed was that of an action for declaratory judgment rather than a petition for certiorari and the defendants asserted that the declaratory judgment action could not be maintained and that certiorari was the exclusive remedy for challenging the validity of a zoning ordinance. In holding to the contrary, this Court, speaking through Mr. Justice Chattin, said:

"The adoption of the amendment was a legislative act.

"The remedy by certiorari provided in T.C.A., 27–901, *et seq.,* 'was intended to have application only in a review of an order or judgment rendered after a hearing before a board or commission.' *Stockton v. Morris & Pierce,* 172 Tenn. 197, 110 S.W.2d 480 (1937)." 402 S.W.2d at 712.

"We are convinced the validity of the ordinance amending the zoning ordinance

may be tested under our Declaratory Judgment Act and that certiorari is not the exclusive remedy." 402 S.W.2d at 713–14.

An action for declaratory judgment was also the remedy employed by the plaintiffs in *Mobile Home City of Chattanooga v. Hamilton County,* Tenn.App., 552 S.W.2d 86 (1977) to challenge the validity of a zoning regulation adopted by the legislative body of Hamilton County.

 It is our opinion that an action for declaratory judgment, as provided by T.C.A., §§ 29–14–101—29–14–113, rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation. However, where, as here, the plaintiff mistakenly employs the remedy of certiorari the court may treat the action as one for declaratory judgment and proceed accordingly, rather than dismiss the action. It appears that this has been the procedure followed in other jurisdictions. Thus, in 4 Anderson, *American Law of Zoning,* § 25.07 (2d ed. 1977) it is observed that zoning regulations are most often reviewed by a declaratory judgment action and that:

> "It is worth noting that where a plaintiff seeks judicial review of a zoning amendment through a writ of certiorari, in a jurisdiction which does not permit the writ to be used for that purpose, his petition may be regarded as an application for a declaratory judgment."

 We wish to point out, however, that the remedy of certiorari provided by T.C.A., §§ 27–8–101, 27–9–101—27–9–113, will continue to be the proper remedy for one who seeks to overturn the determination of a Board of Zoning Appeals as provided by T.C.A., § 13–7–106 *et seq.* and T.C.A., § 13–7–205 *et seq.* This distinction in remedies is made because the determinations made by a Board of Zoning Appeals are administrative determinations, judicial or quasi-judicial in nature, and are accompanied by a record of the evidence produced and the proceedings had in a particular case, whereas, the enactment of ordinances or resolutions, creating or amending zoning regulations, is a legislative, rather than an administrative, action and is not ordinarily accompanied by a record of evidence, as in the case of an administrative hearing. *See, Holdredge v. City of Cleveland, supra; Reddoch v. Smith,* 214 Tenn. 213, 379 S.W.2d 641 (1964).

II

We proceed to the merits of this case, treating it as one for declaratory judgment.

 Our county legislative bodies are vested with broad powers to enact and to amend zoning regulations governing the use of land. T.C.A., §§ 13–7–101—13–7–105. When a municipal governing body acts under its delegated police powers either to adopt or amend a zoning ordinance, it acts in a legislative capacity and the scope of judicial review of such action is quite restricted. *Davidson County v. Rogers,* 184 Tenn. 327, 198 S.W.2d 812 (1947); *Mobile Home City of Chattanooga v. Hamilton County, supra; Barret v. Shelby County,* Tenn.App., 619 S.W.2d 390 (1981).

> "Legislative classification in a zoning law, ordinance or resolution is valid if any possible reason can be conceived to justify it." *State ex rel. SCA Chemical Waste Services, Inc. v. Konigsberg,* Tenn., 636 S.W.2d 430, 437 (1982).

The restricted role of the courts in reviewing the validity of a zoning ordinance or regulation has been aptly stated as follows:

> "Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational or justifiable basis for the enactment and it does not violate any state statute or posi-

tive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.

"In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws." 82 Am.Jur.2d *Zoning and Planning* § 338 (1976) at 913–14.

In *Grant v. McCullough, supra,* this Court invalidated an ordinance which amended a general zoning ordinance to permit the owner of a single city lot to apply her property to commercial uses, whereas, the property surrounding it was restricted to residential uses, on the ground that it constituted "spot zoning" and, as such, violated Art. XI, Section 8, of the Constitution of Tennessee. The Court upheld the Chancellor's decision finding that the ordinance was enacted solely for the personal benefit of the owner of the subject lot and that the rezoning of that lot was inconsistent with the general ordinance on the subject and gave to the owner a privilege withheld by the general law from others in a similar situation. This Court concluded:

"No basis for this action can be conjured other than that it emanated from a strong desire to help this good lady." 270 S.W.2d at 319.

In reaching this conclusion, the Court cited as authority and quoted from *Rodgers v. Village of Tarrytown,* 302 N.Y. 115, 96 N.E.2d 731 (1951), as follows:

" ' "Spot zoning" is process of singling out a small parcel of land for use classification totally different from that of surrounding area, for benefit of owner of such property and to the detriment of other owners, and, as such, is very antithesis of planned zoning.' " 270 S.W.2d at 319.

A more comprehensive definition of "spot zoning" is found in 2 Yokley, *Zoning Law and Practice,* §§ 13–3 (4th ed. 1978) at 207 as follows:

"The law is well settled that 'spot zoning,' as properly known and understood, and 'spot zoning' ordinances, as properly identified, are invalid on the general ground that they do not bear a substantial relationship to the public health, safety, morals and general welfare and are out of harmony and in conflict with the comprehensive zoning ordinance of the particular municipality."

We consider, now, whether any possible reason can be conceived to justify the instant ordinance; that is, whether its legislative classification for zoning purposes is fairly debatable or whether it is "spot zoning," as above defined and as held by the Chancellor.

The new zoning of the Joyner property would not represent a change in the kind of use permitted. It would still be used for residential dwelling, but the intensity of such use would be greatly increased: 27 dwelling units per acre would be permitted under the new zoning, whereas, 2½ to 3 units per acre were permitted under the old zoning. The property being rezoned is not a single city lot, as in *Grant v. McCullough, supra,* but is a 10.6 acre tract surrounded by land which is, for the most part, zoned for agricultural and residential use. There are in the immediate area of the property being rezoned two Commercial "A" zones as well as some zoning which permits multiple dwellings. There is evidence that a need exists in the particular area here involved for additional apartments. On the other hand, the proof does indicate that, if the rezoning is carried out and 250 apartment units are constructed as planned, the traffic on Concord Road would heavily increase to the point that that road would become inadequate and hazardous. All of these factors are proper for consideration of the legislative zoning authority.

We are unable to conclude that the legislative classification represented by the amendatory resolution of the Knox County Board of Commissioners is without any rational basis; we consider that the issue is

fairly debatable and, therefore, that we must permit it to stand as valid legislation.

The decree of the Court of Appeals reversing the decree of the Chancellor and dismissing plaintiff's action is affirmed. Costs are taxed against plaintiff and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.