# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

BENNIE DAY and KAREN DAY,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Petitioners/Appellants,　　　)
　　　　　　　　　　　　　　　　　)　　Appeal No.
　　　　　　　　　　　　　　　　　)　　01-A-01-9708-CH-00442
VS.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Franklin Chancery
　　　　　　　　　　　　　　　　　)　　No. 14,381
CITY OF DECHERD,　　　　　　　　)
OTIS B. SMITH, JR., MAYOR,　　　　)
HANK WEDDINGTON, BILL　　　　　)
VAN HOOSIER, FRANK GREEN, AND )
DARYL DONEY, COMMISSIONERS,　 )
　　　　　　　　　　　　　　　　　)
　　　　Respondents/Appellees.　　　)

APPEALED FROM THE CHANCERY COURT OF FRANKLIN COUNTY
AT WINCHESTER, TENNESSEE

THE HONORABLE L. CURTIS SMITH, SITTING BY INTERCHANGE

MICHELLE M. BENJAMIN
102 First Avenue, N.W.
P. O. Box 177
Winchester, TN 37398
　　　　Attorney for Petitioners/Appellants

J. RUSSELL FARRAR
DEBORAH R. SOWELL
FARRAR & BATES
211 Seventh Street No., Suite 320
Nashville, Tennessee 37219-1823
　　　　Attorney for Respondents/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

# O P I N I O N

Property owners alleged in a petition for common law certiorari that the city of Decherd acted arbitrarily and capriciously in refusing to rezone their property from residential to commercial. The Chancery Court of Franklin County dismissed the petition. We affirm.

## I.

Bennie Day and wife, Karen D. Day, own a city lot in Decherd. On March 1, 1995 they filed a petition for writ of certiorari in the Chancery Court of Franklin County alleging that the City and its commissioners had arbitrarily and capriciously refused to rezone the property from residential to commercial uses. The petition prayed for the writ of certiorari to issue pursuant to Tenn. Code Ann. § 27-9-107; that the court set aside the City's action and enjoin the City from enforcing the zoning ordinance.

The City filed an answer and moved for summary judgment. The petitioners also moved for summary judgment. The court's order denied both motions but found that the City's denial of the requested zone change was supported by the record. The court, therefore, denied the petition for the common law writ of certiorari.

## II.

If the court's order is confusing, the confusion can, perhaps, be traced to the initial pleading in this case. The common law writ of certiorari is not the appropriate vehicle by which to review the "purely legislative" acts of a legislative body. *Fallin v. Knox County Bd. of Commissioners*, 656 S.W.2d 338 (Tenn. 1983). The statute that authorizes issuance of the writ authorizes its use to review the actions of an inferior tribunal <u>exercising judicial functions</u>. Tenn. Code Ann. § 27-8-101. In this context, "judicial" refers to a proceeding where a decision is rendered on a record

made at a hearing required by law. L. Jaffe, *Judicial Control of Administrative Action*, 166 (1965). The writ of certiorari itself is a command to the lower tribunal to certify the record to the reviewing court.

In *Fallin* the Supreme Court held that

"an action for declaratory judgment, as provided by T.C.A. §§ 29-14-101 -- 29-14-113, rather than a petition for certiorari is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation."

656 S.W.2d at 342. The Court went on to point out that an action creating or amending zoning regulations, "is a legislative, rather than administrative, action and is not ordinarily accompanied by a record of evidence, as in the case of an administrative hearing." *Id. See also McCallen v. City of Memphis*, 786 S.W.2d 633 (Tenn. 1990).

Since lawyers continue to file petitions for certiorari to review purely legislative zoning decisions – fifteen years after the *Fallin* decision -- apparently the story needs to be retold. We add our voices to the Supreme Court's chorus.

In *Fallin* the Court did, however, get to the merits of the case by treating the petition as one for a declaratory judgment. We will do the same in this case. Once we arrive at that point, however, we encounter an even greater limitation on the scope of review. Legislative classifications in a zoning law are valid if any possible reason can be conceived to justify them. *State ex rel. SCA Chemical Waste Services, Inc. v. Konigsberg*, 636 S.W.2d 430 (Tenn. 1982). Specifically, zoning decisions are immune from judicial interference if the validity of the ordinance is "fairly debatable." *Fallin v. Knox County Bd. of Commissioners*, 656 S.W.2d 338 (Tenn. 1983).

In this case the Days purchased the residential property and presented a plat to the Decherd planning commission seeking a zone change so that the property could be used for mini-warehouses. The planning commission recommended the change but apprised Mr. Day of the fact that the ordinance would have to pass three readings before the Board of Mayor and Aldermen. The ordinance passed the first two readings, but when moved for passage on third and final reading, it failed for lack of a second.

The property involved is a large lot on the highway out of town. An old home sits at the back of the lot, and the property on three sides is currently zoned for residential purposes. The state community planner, who consults with the City on land use problems, advised the planning commission that he had reservations about using the property for mini-warehouses, considering other plans for the downtown area.

We think that the question of whether the property should have been rezoned is fairly debatable. The Board, performing its legislative function, decided not to rezone the property, and that decision is not ours to change.

The appellants argue that the Board's action should be set aside because the Board refused to re-zone the property solely on the basis of neighborhood opposition. They argue that this court's decision in *Hoover, Inc. v. Metropolitan Board of Zoning Appeals*, 924 S.W.2d 900 (Tenn. App. 1996), makes the Board's decision arbitrary.

We have already noted that the record contains other evidence on which the Board could have acted. But the appellants' argument is based on a fundamentally flawed view of the two cases. *Hoover* involved an application for a conditional use permit before the Board of Zoning Appeals. Under the zoning

ordinance, the applicant was entitled to the permit when all the ordinance requirements had been met. The Board of Zoning Appeals in that case was acting in an administrative or quasi-judicial capacity, compiling a record that could be reviewed under the common-law writ of certiorari. *See Fallin v. Knox Co. Bd. of Commissioners*, 656 S.W.2d 338 (Tenn. 1983). In that case it was wrong to base a decision solely on the neighborhood opposition.

Legislators, however, do what legislators do: they listen to their constituents; they test the wind; they try to please as many people as possible, consistent with the constitution and a good conscience. And they are not to be condemned for doing so. That is their job.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Franklin County for any further proceedings necessary. Tax the costs on appeal to the appellants.

 

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


SEPARATE CONCURRING OPINION:
WALTER W. BUSSART, SPECIAL JUDGE