# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 17, 2001 Session

## WILLIAM R. VARNER v. CITY OF KNOXVILLE, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 147835-3     Sharon Bell, Chancellor**

## FILED NOVEMBER 29, 2001

## No. E2001-00329-COA-R3-CV

---

By way of a complaint for writ of certiorari, the plaintiff challenges the decision of the Knoxville City Council ("the City Council") to deny his application to rezone his .5 acre lot from low density residential to commercial for the expansion of a used car lot located on adjacent property. Following a bench trial, the court below dismissed the complaint. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

David L. Bacon, Knoxville, Tennessee, for the appellant, William R. Varner.

Charles W. Swanson and Jason H. Long, Knoxville, Tennessee, for the appellee, Knoxville City Council.

Sharon E. Boyce, Knoxville, Tennessee, for the appellee, City of Knoxville.

## OPINION

### I.

The plaintiff, William R. Varner, owns a .5 acre vacant lot municipally designated as 5531 North Broadway in Knoxville ("the subject property"). He operates a used car business at 5603 North Broadway, the property adjacent to the subject property.

The plaintiff filed an application with the Knoxville-Knox County Metropolitan Planning Commission ("the MPC") seeking to change the zoning of the subject property so he could expand his used car business onto that lot. To accommodate the request, he sought to amend the One Year Plan of the City of Knoxville ("the City") from LDR (Low Density Residential) to GC (General Commercial) with respect to the subject property. By a related request, he asked that the subject

property's zone be changed from R-1 (Single Family Residential) to C-4 (Highway & Arterial Commercial). These two related requests will be referred to herein as "the plaintiff's rezoning application" or "his rezoning application."

The MPC, by a vote of 12-0, adopted its staff's recommendation that the plaintiff's rezoning application be denied. The plaintiff appealed the MPC's decision to the City Council. That body, by a margin of 8 to 1, also voted to deny his rezoning application.

Following a hearing, the trial court found no error in the City's action and, consequently, dismissed the complaint. This appeal followed.

II.

The plaintiff contends that the City's decision to deny his rezoning application lacks a "rational basis"; that it was arbitrary, capricious, and "unlawful[]"; and that the City's action was such as to "deprive[] [him] of the beneficial use of his property." This last issue cannot be raised by writ of certiorari. This is because it is nothing more or less than a claim that the City has taken the plaintiff's property. Such a claim is properly pursued by way of a complaint for inverse condemnation. *See* T.C.A. § 29-16-123(a) (2000); *see also **Gallatin Hous. Auth. v. Town of Carthage***, C/A No. M1999-02041-COA-R3-CV, 2001 WL 109389, at *2 (Tenn. Ct. App. M.S., filed February 9, 2001) (explaining that T.C.A. § 29-16-123 governs an inverse condemnation action against a governmental entity to recover the value of property taken by that entity). We find and hold that what amounts to a taking issue is not properly before us. Consequently, we will not further notice it.

III.

The seminal case in Tennessee regarding the adoption of zoning classifications is ***Fallin v. Knox County Board of Commissioners***, 656 S.W.2d 338 (Tenn. 1983). In ***Fallin***, the trial court had invalidated a zoning action by the legislative body of Knox County. That body had rezoned a 10.6 acre tract of land from Agricultural to Residential B, thereby permitting the landowner to build 275 apartment units. The trial court had relied upon the case of ***Grant v. McCullough***, 196 Tenn. 671, 270 S.W.2d 317 (1954), and held that the "amendatory resolution in question amounted to unconstitutional 'spot zoning' and was, therefore, invalid." ***Fallin***, 656 S.W.2d at 340. On appeal, the Court of Appeals reversed the trial court. The Supreme Court subsequently upheld the judgment of the Court of Appeals. The Supreme Court in ***Fallin*** opined as follows:

> Our county legislative bodies are vested with broad powers to enact and to amend zoning regulations governing the use of land. When a municipal governing body acts under its delegated police powers either to adopt or amend a zoning ordinance, it acts in a legislative capacity and the scope of judicial review of such action is quite restricted.

Legislative classification in a zoning law, ordinance or resolution is valid if any possible reason can be conceived to justify it.

The restricted role of the courts in reviewing the validity of a zoning ordinance or regulation has been aptly stated as follows: Zoning is a legislative matter, and as a general proposition the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational or justifiable basis for the enactment and it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.

In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws.

*Id*. at 342-43 (citations and internal quotation marks omitted). In reversing the action of the trial court, the Supreme Court stated that it could not conclude that the legislative body's action was "without any rational basis." *Id*. at 343. It went on to recite that "the issue is fairly debatable and, therefore,...we must permit it to stand as valid legislation." *Id*. at 343-44.

The Supreme Court again addressed the power of governmental entities as it relates to zoning related issues in the case of *McCallen v. City of Memphis*, 786 S.W.2d 633 (Tenn. 1990). In *McCallen*, the lower courts had invalidated the action of the City Council of Memphis, which action had approved a resolution for a planned development by a property owner. *Id*. at 634. The trial court and the Court of Appeals held that the council's action was "not supported by substantial evidence." *Id*. In reversing the Court of Appeals and the trial court, the Supreme Court in *McCallen* reiterated its "fairly debatable" and "rational basis" language from *Fallin* and emphasized the broad discretion of governmental entities in the zoning process:

The "fairly debatable, rational basis," as applied to legislative acts, and the "illegal, arbitrary and capricious" standard relative to administrative acts are essentially the same. In either instance, the court's primary resolve is to refrain from substituting its judgment for that of the local governmental body. An action will be invalidated only if it constitutes an abuse of discretion. If "any possible reason" exists justifying the action, it will be upheld. Both legislative and administrative decisions are presumed to be valid and a heavy burden of proof rests upon the shoulders of the party who challenges the action.

786 S.W.2d at 641.

IV.

In the instant case, both sides have legitimate arguments for their respective positions. The City points to the rationale of the professional staff of the MPC:

> Approval of this request will place commercial development adjacent to residences on the southwest and remove the separation that presently exists between these houses and commercial development to the northeast. Commercial development under C-4 would result in increased traffic, noise, and lighting, and extended hours of operation. Of particular concern are the turning movements onto Broadway at this location, which has a moderately steep grade coming down from Black Oak Ridge. Traffic through this section tends to exceed the speed limit, thus creating a critical safety problem.

In its brief, the City argues that the requested "change [in zoning and use] would pose a significant traffic hazard and that such a change was inconsistent with the sector plan for the property."

The plaintiff took – and continues to take – sharp issue with the City's rationale. He argues that the "rational basis" standard is only a part of the standard by which the City's action should be judged. He contends that in addition to satisfying the "rational basis" test, the City must also act in a way that is not arbitrary, capricious, or unlawful.

To further bolster his position, the plaintiff argues that the subject property in fact does not serve as a buffer between commercial development on Broadway and the nearby residences; that the residential owners adjacent to the subject property do not oppose his request for rezoning; that the opposition "comes from a neighborhood group who does not own property adjacent to" the subject property; that the City's action was prompted, at least in part, by its belief that a grant of the plaintiff's rezoning application would "interfere[] with certain citizens' ability to break traffic laws"; and that the requested rezoning would "merely bring [the subject property] in line with all the property which surrounds it."

V.

The controversy between these parties is not uncommon; it is "the stuff" of zoning disputes presented to legislative bodies in this country every working day. The courts have a limited role in this process. As we said in the unreported case of *Citizens for a Better Johnson City v. City of Johnson City,* C/A No. E2000-02174-COA-R3-CV, 2001 WL 766997 (Tenn. Ct. App. E.S., filed July 10, 2001):

> Courts are not "super" legislatures. They do not decide whether a challenged legislative action is wise or unwise. It is not the role of judges to set public policy for local governments, nor do we decide if a municipality has adopted the "best," in our judgment, of two possible courses of action. That is not our role. The concept of separation of powers precludes such an activist role on our part. As the *Fallin* case points out, ours is a "quite restricted" role. 656 S.W.2d at 342.

*Id*. at *4.

The question for us in this case is whether the existing "legislative classification for zoning purposes is fairly debatable." *See Fallin*, 656 S.W.2d at 343. In making this determination, we must look to see "if any possible reason can be conceived to justify it." *State ex rel. SCA Chemical Waste Servs., Inc. v. Konigsberg*, 636 S.W.2d 430, 437 (Tenn. 1982). If so, then there is a "rational basis" for the continuation of the zoning classification, *see Fallin*, 656 S.W.2d at 343; there is no abuse of discretion, *see McCallen*, 786 S.W.2d at 641; and the complaint must be dismissed.

We find no abuse of discretion in the City's decision to deny the plaintiff's rezoning application. The MPC staff advanced cogent reasons for maintaining the present residential zone. The MPC and City Council essentially adopted the staff's reasoning. The City's decision upholds the sector plan. The City's rationale in denying this rezoning request is "fairly debatable," being – as it is – based upon rational underpinnings. We certainly cannot say that there is no "possible reason [that] can be conceived to justify it." 636 S.W.2d at 437.

The plaintiff argues that the concept of "arbitrary, capricious, and unlawful" action is different from that of "fairly debatable, rational basis." We do not see this distinction, at least in the instant case. If there was no rational basis for the continuation of the residential zone and the denial of the commercial zone – if such a position was not fairly debatable – it is clear that the City's refusal to change the zoning would be arbitrary, capricious and unlawful. No rational basis would have equaled arbitrary, capricious and unlawful action; but the necessary factual predicate for such a conclusion is not present in the instant case.

VI.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for the collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE