# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 7, 2002 Session

## DAVID E. CROCKETT v. RUTHERFORD COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 96V-1608      Robert Corlew, Chancellor**

---

**No. M2000-01405-COA-R3-CV - Filed July 25, 2002**

---

The Rutherford County Commission rezoned three (3) acres of Defendant Williams' property from "Residential R-20" to "Communications - 4899". The Chancery Court of Rutherford County found that the rezoning had "elements" of arbitrariness and capriciousness and amounted to spot zoning; nonetheless, the Court deferred to the Rutherford County Commission, upheld the zoning change, and dismissed the Plaintiff's lawsuit. The issues presented for appeal are whether the Chancellor erred as a matter of law by granting deference to the Rutherford County Commission on the zoning issue in spite of the Court's factual findings in favor of Plaintiff, and whether the Trial Court erred in finding that the zoning amendment did not violate the Establishment Clauses of the United States and Tennessee Constitutions.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

JANE W. WHEATCRAFT, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P. J., M.S.  and WILLIAM B. CAIN, J., joined.

Joseph A. Woodruff, Charles H. Williamson, Nashville, Tennessee, for the appellant, David E. Crockett

Stephen S. Duggins, Chattanooga,  Tennessee, for the appellee, The Moody Bible Institute of Chicago; John T. Blankenship, Murfreesboro, Tennessee, for the appellees, Charles and Glenna R. Williams

## STANDARD OF REVIEW

This is a Tennessee Rule of Appellate Procedure Rule 3(a), Appeal as of Right from a final judgment entered on January 29, 2001, by Chancellor Robert E. Corlew, III, Chancellor of the Chancery Court of Rutherford County. Tennessee Rule of Appellate Procedure 13 (d) provides that:

"Review of findings of fact by the trial court in civil actions shall be *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise."

Tennessee Rule of Appellate Procedure 13 embodies different standards for review of the trial court decision relative to questions of fact and questions of law. Any question of law may be reviewed without a presumption of correctness. Appellate courts may reach their own independent conclusions regarding legal issues. The Realty Shop, Inc. v. R.R. Westminster Holding Inc., 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999).

Appellants urged this Court to uphold the correctness of the Chancellor's factual findings and reverse his decision to uphold the Rutherford County Commission on its rezoning decision as a matter of law.

Appellees argue that the Chancellor's finding of fact are inconsistent and urge the Court to review *de novo* the entire record and reach its own independent conclusions of the facts and uphold the Chancellor's dismissal of the lawsuit.

Judicial review of a legislative zoning decision is restricted in the State of Tennessee. The Tennessee Supreme Court set the standard for such review in Fallin v. Knox County Board of Commissions, 656 S.W.2d 338, 343-44 (Tenn. 1983). The Court said

"Zoning is a legislative matter, and, as a general proposition, the exercise of the zoning power should not be subjected to judicial interference unless clearly necessary. In enacting or amending zoning legislation, the local authorities are vested with broad discretion and, in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. If there is a rational or justifiable basis for the enactment and it does not violate any state statute or positive constitutional guaranty, the wisdom of the zoning regulation is a matter exclusively for legislative determination.
In accordance with these principles, it has been stated that the courts should not interfere with the exercise of the zoning power and hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or is plainly contrary to the zoning laws."

See also Family Golf of Nashville, Inc. v. Metropolitan Government of Nashville, 964 S.W.2d 254-260 (Tenn. Ct. App. 1997), Fallin v. Knox County Board of Commissions, *supra*, at p. 342, State of Tennessee, *ex rel*, SCA Chemical Waste Services, Inc. v. Konigsberg, 636 S.W.2d 430, 437 (Tenn. 1982).

**OPINION**

The property rezoned in this lawsuit belongs to appellees, Charles and Glenna Williams. Their ninety acre farm shares a common boundary with the appellant, David Crockett, and several other land owners. All of these adjoining tracts of land are used as working farms consistent with the "Residential R-20" zoning classification. The Appellant purchased his property in 1992 and spent in excess of one million dollars on its restoration. The proof showed that he is economically harmed by the zoning change.

For a decade Moody Bible Institute has sought to transmit religious radio broadcasts in the Middle Tennessee area. There were several suitable sites available, but Moody determined that its tower could be erected on the Williams' property for the least cost. On 3/1/95 the Williams agreed to lease Moody three acres of their property to be used for a radio tower. Pursuant to the agreement, the Williams will receive $500 month for the first 10 years of the lease with Moody having an option to renew the lease for two additional ten year terms. None of the surrounding landowners were notified of this agreement or of Moody's intention to construct a five hundred foot radio tower at the hilltop in close proximity to their six adjoining farms. In 1996 Moody realized that the zoning of the property was incompatible with its intended use and so proceeded to obtain a change in zoning from Rutherford County.

The Appellant first learned of the proposed zoning change when he received a letter from the Rutherford County Regional Planning Commission in October 1996. Despite the objections of the surrounding landowners and certain irregularities in the proceedings involving setback lines, the Rutherford County Commission decided in December, 1996 to rezone the three acres on the Williams' property from "Residential R-20" zoning classification to "Communications 4899".

The Rutherford County Zoning Resolution divides the unincorporated lands in the county into five classes of districts - Residential, Commercial, Industrial, Flood Hazard and Mobile Home Park. The Zoning Resolution does not have a district class for radio transmission towers. A

significant issue in this appeal is that "Residential R-20" is a zoning classification provided for by the Rutherford County Zoning Resolution but "Communication 4899" is not a zoning classification at all. The "Communication 4899" classification comes from the Standard Industrial Classification Manual which is referenced in the Rutherford County Zoning Resolution but is used only to set out land uses that the Board of Zoning Appeals can consider in connection with conditional use permit applications. The S.I.C. Manual lists classes of economic activities permitted within various zoned districts. This "Communication 4899" classification is the only such zoning district in Rutherford County even though there are other communication towers.

Appellants position is that the creation of such a small zoning district (three acres) with a classification not provided for by the Rutherford County Zoning Resolution amounts to illegal spot zoning that occurred as a result of considerable pressure having been placed on members of the County Commission by Moody and its affiliates.

Spot zoning is the process of singling out a small parcel of land for use classification totally different from that of the surrounding area, for the benefit of the owner of such property, and to the detriment of other owners and as such is the very antithesis of planned zoning. Rodgers v. Village of Tarrytown, 302 NY 115, 96 N.E.2d 731, (1951) cited in Fallin, *ibid*. The trial court record supports the Chancellor's findings that the rezoning of the three acre section of the Williams' property amounted to spot zoning. Appellees aver that spot zoning is not per se illegal. That is true. Spot zoning is only illegal if it is arbitrary, capricious, unreasonable, or violates a state statute or constitutional guaranty, See Fallin, *ibid*. As to the spot zoning issue, the Chancellor held,

> "Rutherford County's method of using the S.I.C. classification can be applied in an arbitrary and capricious manner. Their use is certainly suspect when a district is created, not otherwise mentioned in the Zoning Resolution, and applied only to a small tract of land, particularly where there is evidence that other land in the county is placed to a similar use and labeled in a different type of district, and where large adjoining tracts are zoned in a manner which is inconsistent with the zoning in the newly created zone." (Chancellor's Finding of Fact Number 87)

The Rutherford County Zoning Resolution is problematic in and of itself. Zoning changes

can be made under the Resolution Sec. 1.06 pursuant to Articles IV or VI and VII of said Resolution. Article IV is used to effect a zoning district change, as was done in the instant case. Articles VI and VII set out procedures for issuance of a conditional use permit which has more stringent standards than even the super-majority requirements under Article IV. Appellants aver that the Zoning Resolution permits applicants for a zoning change to be treated inconsistently by allowing such applicants to proceed either under Article IV or Article VI and VII. The Chancellor in his letter opinion stated that:

> "the proof certainly shows that there are a number of short comings (with the zoning resolution) and Rutherford County would certainly do well to consider the zoning issue afresh."

Notwithstanding the thorny issue of the zoning resolution itself, the Chancellor found that the Plaintiff had proven all the allegations of spot zoning. Specifically, he found that:

(1)     "Zone in question is a small three (3) acre tract surrounded by other areas zoned "R-20" for residential purposes, containing many hundreds of acres;

(2)     a number of communication towers exist in Rutherford County...but that the district in question in this case is the only one zoned 'Communications 4899';

(3)     the communications zone allows to the property owned by the Williams the opportunity to construct radio towers within the three (3) acre zone, which opportunity is denied to other surrounding landowners; and

(4)     certainly there is an element of arbitrariness and capriciousness established by the evidence." (See letter opinion of the Chancellor entered January 29, 2001.)

In his findings of fact and conclusions of law, the Chancellor stated that, "Rutherford County's action constitutes spot zoning." Conclusion of Law #71.

Further, he stated, "In addition it is undisputed that the zoning change has an adverse impact on adjoining land owners. While the parties and the expert witnesses may disagree on the degree of the adverse impact caused by the zoning change, Moody and the Williams acknowledged that a

multi-tower property would not be a desirable attribute in the community by stating to the Rutherford County Planning Commission that the Williams had agreed to deed restrict their property in order to ensure that no additional towers would be constructed." Finding of Fact #37.

Having made the factual findings in favor of the Plaintiff, the Court referred to the "vast body of law which limits judicial scrutiny of legislative bodies in the matters of zoning." In making the determination whether or not to defer to the County Commission, we must look to see "if any possible reason can be conceived to justify the legislative action". State of Tennessee, *ex rel*, SCA Chemical Waste Services, Inc. v. Konigberg, *supra* at p. 437.

Appellees argue that since the Zoning Resolution incorporates by reference the S.I.C. Manual, that its creation of a "Communications 4899" zoning district is not arbitrary. Appellees also argue that Rutherford County "customarily and regularly" uses S.I.C. classifications in such a manner. The S.I.C. Manual is referenced in Article VI of the Zoning Resolution under the Conditional Use Permit section where it sets out classes of economic activities that a Board of Zoning Appeals can consider before issuing a Conditional Use Permit. The fact that these classifications may have been erroneously used in other zoning changes is not persuasive to this Court.

Appellees list twenty reasons which, in their opinion, form a rational basis for the zoning change. For example, this was the best site because it is the highest hilltop in the area; the site meets FAA and FCC requirements; Moody can reach its targeted areas without interference from other stations; no high density strobe light would be required; a road already exists to the site; there is a drainage system in place; there is electricity readily available; the site is level; it is a low density rural area away from town and surrounded by a buffer of woods.

Certainly, these are valid reasons for Moody to desire the property. The question remains whether these reasons are sufficient to satisfy the rational basis test. The Appellees aver that a community benefit which satisfies the rational basis test is the dissemination of information to the

-6-

public at large. However, there is a plethora of other sources through which the public may obtain information without the necessity of another radio tower.

Black's Law Dictionary, 1990 Edition, defines rational basis test as follows:

"Under this test, an Appellant Court will not second guess the legislature as to the wisdom or rationality of a particular statute if there is a rational basis for its enactment, and if the challenged law bears a reasonable relationship to the attainment of some legitimate governmental objective."

It appears from the record in this case that this zoning change does not provide any economic benefit to the citizens of Rutherford County. The zoning change is contrary to the Zoning Resolution; it is the only such zoning classification in all of Rutherford County; and it does not further public health, safety or welfare, which is the purpose of zoning in the first instance.

Appellees make an additional argument which needs to be addressed. In adopting certain findings of fact and law that were submitted by counsel for all parties, the Chancellor adopted certain findings that appear to be in conflict with his letter opinion. The Chancellor adopted a finding that there could be a rational basis for the zoning change, in that there is an existing communication tower nearby called the Texas Eastern Tower. Appellees urge the Court to accept the rationale adopted in Family Golf of Nashville, *ibid.* in which case the Court found that Metro Council did not spot zone a piece of property when it permitted an owner of land to erect a go-cart track on his property. The Court found that since there already existed a batting cage, driving range and miniature golf course in the area, the go-cart track was not a "radical departure" from other land usage. That case is distinguishable from the case at bar in that in Family Golf, *supra,* the surrounding property was already being used for the above activities which had been authorized through the conditional use process. Also, in Family Golf, *supra*, the rezoning by the Metro Council was pursuant to a district classification provided for in its zoning resolution. In the case at bar the Texas Eastern Tower is approximately one mile away from the Moody tower and is a non-conforming use as it was erected prior to any zoning resolution being in effect. A radio tower erected prior to the enactment of the County's Zoning Resolution is not relevant to the issue before

us. Moody does not propose to make use of the Texas Eastern Tower, but to erect its own 500 foot tower.

The issue in this case in its simplest terms, is whether or not the Rutherford County Commission followed its own Zoning Resolution in rezoning the Williams' property or whether it engaged in spot zoning. The Chancellor made a factual finding that this was spot zoning but deferred to the County Commission for the reasons set out above. We do not agree.

While it is clearly the law that the judicial branch of government must give great deference to the legislative branch in zoning matters, such deference is not absolute. The legislative branch must abide by its own resolutions and not act in an arbitrary and capricious manner. The record supports the Chancellor's findings that the County Commission acted in such an arbitrary and capricious manner, and illegally spot zoned this small three (3) acre plot.

The Plaintiff proved that he was harmed by this action; the change in zoning is contrary to Rutherford County's own zoning laws; there is no relation to the public health, safety and welfare; and the zoning violates equal protection because it arbitrarily favors a single landowner. The Court finds no rational basis for the legislative action. The Rutherford County Commission carved out a new classification to accommodate Appellees. We respectfully reverse the Chancellor's dismissal of Appellant's lawsuit and hold that the action of the Rutherford County Commission in rezoning the property was invalid.

This Court makes no determination on the second issue, relative to the violation of the Establishment Clauses of the United States and Tennessee Constitutions, in light of its reversal on the first issue presented.

Costs of the appeal are assessed to appellees for which execution may issue if necessary.

_____
JANE W. WHEATCRAFT, SP. JUDGE