IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2004 Session

## ALLEN BLANKENSHIP, D/B/A SKULLBONE MUSIC PARK, INC. v. GIBSON COUNTY AND COUNTY COMMISSIONERS, ET AL.

**Appeal from the Chancery Court for Gibson County**
**No. 15765     W. Michael Maloan, Chancellor**

_____

**No. W2003-00735-COA-R3-CV - Filed June 10, 2004**

_____

This is a zoning case. The property owner applied to re-zone the property from agricultural to business. The Tennessee Department of Economic and Community Development and the county planning commission recommended that the County Commission deny the property owner's application. The County Commission voted to deny the application. The plaintiff/appellant property owner filed a complaint for declaratory judgment in chancery court, seeking to overturn the decision. The defendant/appellee County Commission filed a motion for summary judgment, which was granted. The property owner now appeals. We affirm, finding no genuine issue of material fact and that the County Commission had a rational basis for its decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Mark L. Agee, Trenton, for the appellant Allen Blankenship, d/b/a Skullbone Music Park, Inc.

James I. Pentecost and Brandon O. Gibson, Jackson, for the appellee Gibson County.

## OPINION

Plaintiff/Appellant Allen Blankenship ("Blankenship") is the owner and operator of Skullbone Music Park, an entertainment venue which has hosted four to six concerts annually since 1998. The facility is located in an otherwise commercially undeveloped area of Gibson County and sits on property that is zoned A-1 (Agriculture/Forestry).[1] In March 2001, when Blankenship began

---

[1]The parties indicated during oral argument that the Board of Zoning Appeals had granted Blankenship a special exception permit to have open air concerts at the property. In the record on appeal, the only indication of the exception permit is a reference in Blankenship's response to the motion for summary judgment. However, the record shows that the property was taxed for commercial use.

considering adding a restaurant or country club to the music park, he filed an application with the Gibson County Planning Commission ("Planning Commission") requesting that the property be re-zoned to B-2 (General Business). The Tennessee Department of Economic and Community Development ("the Department") staff planners considered Blankenship's application and recommended that the Planning Commission oppose Blankenship's request before the Gibson County Commission ("County Commission"). After the Planning Commission voted to recommend that the County Commission deny the request, Blankenship withdrew his application.

In October 2001, Blankenship reapplied for the zoning change, this time indicating that the reason for the request was that he sought to sell alcoholic beverages on the property. The Department again recommended against approval of the re-zoning request. A community planner from the Department's local planning assistance office, Shelton I. Merrell ("Merrell"), drafted a memorandum indicating the reasons for the Department's recommendation against the re-zoning request. Among Merrell's concerns was compliance with the Gibson County Land Use Plan:

> The Gibson County Land Use Plan [does] not designate the area as a future commercial one. The plan also state[s] that highway businesses should be located on major thoroughfare approaches to urban areas where sites are adequate for integrated design and proper consideration can be given to highway safety and general compatibility of adjoining uses. The property is not located on a major thoroughfare.

Thus, the Department was concerned, in part, that the change in zoning sought by Blankenship did not comport with the County's land use plan, because the property had not been designated as a future commercial site and because it was not located on a major thoroughfare.

Relying on Merrell's memorandum, the Planning Commission voted to recommend denial of Blankenship's request to re-zone the property. The Planning Commission's recommendation was then forwarded to the Gibson County Commission. The Gibson County Commission considered the recommendation by the Planning Commission, Merrell's memorandum, and the opinions of concerned citizens, voiced at their public hearing. On November 19, 2001, the County Commission voted to deny Blankenship's application to re-zone the property.

On January 18, 2002, Blankenship challenged the County Commission's decision by filing a complaint for declaratory judgment against Defendants/Appellants Gibson County and the County Commissioners. Blankenship argued that the County Commission had approved zoning other properties as commercial on thirty-eight previous occasions, despite the fact that the properties were outside the land use plan. In fourteen of those instances, the properties were not located on major thoroughfares. In addition, Blankenship argued, the Merrell memorandum, relied on by the County Commission, incorrectly designates the back entrance of the property, used only by the music park staff, as the main entrance of the music park. Blankenship contended that, although the public entrance is not located on a major thoroughfare, the road on which it is located is of the same size

and composition as roads designated as major thoroughfares.

In November 2002, the Defendants filed a motion for summary judgment. The Defendants cited the Planning Commission's recommendation, Merrell's memorandum and the statements by concerned citizens, and maintained that the County Commission had a basis for denying Blankenship's application for re-zoning. The trial court granted the motion for summary judgment, finding that "the denial of plaintiff's zoning request by the Gibson County Commission is 'fairly debatable' and was not arbitrary, capricious, or unreasonable[,] had a substantial relationship to the public health, safety, or welfare, and was not contrary to the zoning laws." From that order, Blankenship now appeals.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

In Tennessee, the standard for court review of zoning decisions is well settled. The Tennessee Supreme Court has held:

> "In enacting or amending zoning legislation, the local authorities are vested with broad discretion and, *in cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment* for that of the legislative authority. If there is *a rational or justifiable basis* for the enactment and it does not violate any state statute or positive constitutional guaranty, . . . . the *court should not interfere* with the exercise of the zoning power . . . , unless the enactment . . . is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relationship to the public health, safety, or welfare, or plainly contrary to the zoning laws."

*McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990) (quoting *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342-43 (Tenn. 1983)). Under this standard, the decision of the County legislative body is presumed to be valid, and its decision must be upheld if " 'any possible reason' " exists to justify the action. *Id.* at 641 (quoting *Fallin*, 656 S.W.2d at 342).

On appeal, Blankenship argues that the Commission's basis for denying his zoning request was arbitrary and capricious. He argues that the Merrell memorandum, relied on by the Commission, was erroneous and misleading, considering the County Commission's history of approving commercial zoning outside of the county land use plan, the fact that the memorandum failed to note that the road on which the entrance of the music park was situated had the same size

and composition as major thoroughfares, and the fact that the property had been commercially taxed and used as a concert venue since 1998. Thus, he argues, the Merrell memorandum was not a legitimate basis for the County Commission's decision. Blankenship argues further that the arguments by the citizens who spoke in opposition to the re-zoning at the public hearing were not a legitimate basis for the Commission's decision. Though Blankenship does not cite to the record, he argues that those speaking at the public hearing were "clearly" doing so because they were opposed to alcohol drinking and concerts on the property—an illogical position, he contends, because concert patrons were permitted to bring alcohol to musical performances. Blankenship also notes that the voices in opposition were in the minority, asserting that three to four times more citizens signed petitions in favor of the re-zoning than those indicating their opposition.

Assuming *arguendo* the truth of Blankenship's assertions, it is undisputed that the area in which his property is located has not been designated for future commercial use under the Gibson County Land Use Plan and that the road on which the public entrance of the music park is located has not been designated a major thoroughfare. In view of Blankenship's prior indication of interest in opening a restaurant or club on his property, either concerned citizens or the County Commission had a basis for believing that approving the zoning change would expand the commercial use and the use of alcohol on the property beyond the current use. Thus, regardless of any exceptions the County Commission may have made in the past, the County Commission clearly had a rational and justifiable basis for denying Blankenship's re-zoning request. Under the applicable standard, we cannot conclude that the County Commission's decision to maintain the property's zoning designation as A-1 (Agriculture/Forestry) was arbitrary, capricious, unreasonable, or contrary to zoning laws. Thus, we affirm the trial court's grant of summary judgment in favor of the defendants.

The decision of the trial court is affirmed. Costs are taxed against Plaintiff/Appellant Allen Blankenship, d/b/a Skullbone Music Park and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE