FILED
04/30/2026
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 25, 2026 Session

**ROSE CHRISTIAN v. JEFFERSON CITY, ET AL.**

**Appeal from the Chancery Court for Jefferson County**
**No. 23-CV-127          James H. Ripley, Chancellor**

_____

**No. E2025-00926-COA-R3-CV**
_____

This appeal arises from a declaratory judgment action concerning the rezoning of property by the Jefferson City Council. The trial court affirmed the rezoning. We now affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, P.J., E.S., delivered the opinion of the court, in which KRISTI M. DAVIS, J., and D. KELLY THOMAS, Jr., S.J., joined.

Leah Walker McClanahan and Taylor Daniel Forrester, Knoxville, Tennessee, for the appellant, Rose Christian.

J. Christopher Rose, Kingsport, Tennessee, for the appellee, Jefferson City.

Gregory C. Logue, Knoxville, Tennessee, for the appellees, Kent and Cathy Maples.

**OPINION**

**I.     BACKGROUND**

In 2023, Kent Maples filed (1) a road closure application and (2) a rezoning application with the Jefferson City Regional Planning Commission ("the Commission"). Mr. Maples sought to (1) close a road or alleyway between 1403 Maple Avenue and 146 W. Broadway Boulevard and to (2) rezone real property located at 1410 Cedar Avenue from single family residential to B-3 Highway Business District. The applications do not appear in the record for this court's review.

On May 22, 2023, the Commission recommended the requests for approval to the Jefferson City Council ("the City Council"). On July 18, 2023, a motion to adopt the rezoning application (Ordinance 2023-14) was made but received no second. No motion was made for consideration of the road closure application (Ordinance 2023-15).

On September 5, 2023, the rezoning and road closure applications appeared again on the City Council Agenda— introduced as Ordinances 2023-17 and 2023-16. Both applications were motioned for consideration, seconded, and adopted on first reading by the City Council at the meeting.

Prior to the City Council's next scheduled meeting on October 2, Rose Christian ("Plaintiff") retained an attorney to remind the City Council of Article V, Section 580 of the Jefferson City Zoning Code, which provides that "[r]equests for rezoning of property are restricted to one per lot, tract, or part of a tract per six months." The minutes from the meeting included comments from Plaintiff, arguing against the applications, and comments from Mr. Maples, arguing for the applications. Despite Plaintiff's objection, the applications were adopted on second reading by the City Council on October 2, 2023.

On November 22, 2023, Plaintiff filed a declaratory judgment action in the Chancery Court for Jefferson County in which she sought a declaration that the actions of the City Council in approving Ordinances 2023-17 and 2023-16 were in violation of Article V, Section 580 of the Jefferson City Zoning Code. Plaintiff named Jefferson City as the party defendant. Kent and Cathy Maples were later joined as interested parties. The parties filed competing motions for summary judgment, which were heard by the court on May 14, 2025.

Following the hearing, the court granted summary judgment in favor of Jefferson City and Kent and Cathy Maples (collectively "Defendants"), finding that there was only one application or "request" filed with respect to each parcel of property at issue. The court reasoned that Section 580 prohibits serial rezoning applications by property owners within a six-month period but does not prohibit the City Council from revisiting a prior outstanding application. This timely appeal followed.

## II.    ISSUE

We consolidate and restate the determinative issue on appeal as follows: Whether the trial court erred in granting summary judgment in favor of Defendants, finding that the City Council did not violate Section 580 of the Jefferson City Zoning Code.

## III.    STANDARD OF REVIEW

In the present case, there is no dispute that the City Council acted in a legislative capacity.  "[A]n action for declaratory judgment . . . is the proper remedy to be employed by one who seeks to invalidate an ordinance, resolution or other legislative action of county, city or other municipal legislative authority enacting or amending zoning legislation." *Fallin v. Knox Cnty. Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983). The Tennessee Supreme Court described the standard of judicial review of such legislative actions as follows:

> When the act of a local governmental body is legislative, judicial review is limited to "whether any rational basis exists for the legislative action and, if the issue is fairly debatable, it must be permitted to stand as valid legislation."

*McCallen v. City of Memphis*, 786 S.W. 2d 633, 641–642 (Tenn. 1990) (quoting *Keeton v. City of Gatlinburg*, 684 S.W. 2d 97, 98 (Tenn. Ct. App. 1984)).

Here, the trial court awarded summary judgment in favor of the Defendants, finding that the City Council's actions were not in violation of Article V, Section 580 of the Jefferson City Zoning Code.  We review the trial court's summary judgment determination de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015).  To the extent that the issue raised in this appeal requires us to interpret the Jefferson City Zoning Code, we note that such statutory interpretation is a question of law, which we also review de novo with no presumption of correctness. *See Hargrove v. Metro. Gov't of Nashville & Davidson Cnty.*, 154 S.W.3d 565, 567–68 (Tenn. Ct. App. 2004) (providing that the same rules of construction that are used to interpret state statutes are applicable in the review of local government ordinances).

## IV.    DISCUSSION

Plaintiff argues that the City Council violated the Jefferson City Zoning Code by granting zoning requests that were heard twice in a less than six-month period.  Defendants respond that the plain language of Section 580 operates to bar serial rezoning applications by property owners and that Plaintiff's suggested interpretation goes beyond the intended purpose of the statute.

Article V, Section 580 provides as follows:

> <u>Restrictions on Rezoning Applications.</u>  Requests for rezoning of property are restricted to one per lot, tract, or part of a tract per six months.

In construing such provisions, "[o]ur goal is to ascertain and to give effect to the

ordinance's purpose without unduly restricting it or expanding it beyond its intended scope." *Id.* at 568. "The search for an ordinance's purpose begins with the words of the ordinance itself. If the ordinance is unambiguous, the courts need only enforce it as written. The courts must consider an ordinance as a whole . . . and in doing so, must give the words in the ordinance their natural and ordinary meaning." *Id.* (internal citations omitted).

Plaintiff argues that Mr. Maples' comments and presence at the October 2 meeting operated as a second request for consideration of the initial zoning applications. We disagree. We, like the trial court, hold that a plain reading of the Jefferson City Zoning Code establishes that Section 580 prohibits the filing of serial rezoning applications by property owners within a six-month period but does not prohibit the City Council from revisiting a prior outstanding application. The record confirms that the applications were not considered by the City Council during the July meeting in accordance with Robert's Rules of Order, the parliamentary procedure adopted by Jefferson City. Robert's Rules of Order, Rule 43, Newly Revised (12th ed. 2020) ("Neither the making nor the seconding of a motion places it before the assembly; only the chair can do that, by the third step (stating the question).").

## V.    CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court and remand for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Rose Christian.

s/John W. McClarty

JOHN W. McCLARTY, JUDGE

- 4 -