IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 15, 2005 Session

## ROBERT BREWSTER, JR. v. FAYETTE COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL.

**Direct Appeal from the Chancery Court for Fayette County**
**No. 12222     Dewey C. Whitenton, Chancellor**

_____

**No. W2003-01842-COA-R3-CV - Filed April 14, 2005**

_____

The Fayette County Board of Commissioners denied Plaintiff/Appellant's application for a change in zoning. The Chancery Court for Fayette County affirmed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Gregory C. Morton, Memphis, Tennessee, for the appellant, Robert Brewster, Jr.,

Richard G. Rosser, Somerville, Tennessee, for the appellees, Fayette County Board of County Commissioners, John W. Arnett, Floyd Bonner, Charles D. Brewer, Sr., Joe Burnette, Jr., Odis Cox, Carl Doyle, Willie L. German, Jr., Ronnie Graves, Ronald R. Harris, David Kelley, Sylvester Logan, Alonzo Morman, Sr., Calvin Moore, David Morris, J. M. Sullivan, Jr., Rhea "Skip" Taylor, Albert W. Thomas, Gordon Tomlin, Miles Wilson, and Jim Voss, Mayor.

**MEMORANDIUM OPINION**[1]

This action concerns Robert Brewster, Jr.'s (Mr. Brewster's) application to re-zone property at 4300 Cowan Loop Road in Fayette County, Tennessee ("the property"). Mr. Brewster purchased the property in September 1994 from the widow and daughter of Anderson Minor (Mr. Minor), who

---

[1]Rule 10 of the Tennessee Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

died in September 1993. The property consists of 3.6 acres and includes three buildings: a barn, a trailer home, and a building in which Mr. Minor had operated a neighborhood grocery store for at least 20 years. Mr. Brewster asserts that he planned to continue to use the property for this purpose. The property was zoned R-1(rural residential), however, and the Fayette Planning Commission informed Mr. Brewster that in order to use the property for a non-conforming use he would be required to produce proof that the prior business had been in operation within a year of Mr. Brewster's purchase of the property. Mr. Brewster submitted telephone and utility bills paid for the property in May 1994 as proof that the business had continued past Mr. Minor's death and was in operation during the year prior to his purchase. The Planning Commission determined this evidence was insufficient to show that the business had been in operation during the previous year. It accordingly determined that Mr. Brewster could not re-open the business.[2]

In November 1994, Mr. Brewster applied for the property to be re-zoned from R-1 to B-3 (community business). In his application, he stated that he intended to use the property for a "sports bar and restaurant." Mr. Brewster testified that he planned to operate a facility to teach sports and to record and show sports games, "day and night." This application was denied. In January 1998, Mr. Brewster again applied for re-zoning from R-1 to B-3, this time designating the intended purpose of grocery and restaurant.

In April 1998, the Planning Commission recommended denial of Mr. Brewster's application by unanimous vote. The Fayette County Commission deferred action on the application for two months to allow for additional evidence. On September 1, 1998, the Planning Commission held a public meeting and considered additional evidence on the matter. It again unanimously recommended denial of Mr. Brewster's application for re-zoning.

On September 22, 1998, the Board of Commissioners (the "Board") conducted a public hearing on the matter. The Board rejected Mr. Brewster's application by a 12 to 5 vote, with 2 abstentions. On October 22, 1998, Mr. Brewster filed a petition for writ of certiorari in the Chancery Court of Fayette County, alleging the action of the Board was illegal, arbitrary, capricious and without a legal right, basis, or authority. In December 2001, he amended his pleadings to add, in the alternative, a complaint for declaratory judgment. Following a hearing on the matter in April 2003, the chancery court affirmed the Board's determination. Mr. Brewster filed a timely notice of appeal to this Court.

### *Issues Presented*

The determinative issue raised on appeal in this case, as we perceive it, is whether the trial court erred in determining the Board's decision was not illegal, arbitrary, or capricious.

---

[2]The property was zoned as R-1 throughout the period in which its previous owner had operated a grocery store, which was a "grandfathered" business. There is no proof in the record, other than Mr. Brewster's assertion to the contrary, that the grocery was in business during the year prior to purchase of the property by Mr. Brewster.

## *Standard of Review*

Although Mr. Brewster amended his petition to include, in the alternative, a complaint for declaratory judgment, this action is properly a petition for writ of certiorari. An action for declaratory judgment is the correct action to be employed when seeking to invalidate an ordinance, resolution, or other legislative action of a county or municipal legislative authority enacting or amending zoning legislation. *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 342 (Tenn. 1983). Mr. Brewster's assertion, as we understand it, is not that the Board improperly enacted or amended the zoning ordinance applicable to his property, but that the Board's decision to deny his application for re-zoning was illegal, arbitrary, or capricious. Thus, we review his petition as one for a writ of certiorari.

A court's review of an administrative agency's decision under a petition for writ of certiorari is limited to a determination of whether the administrative body acted within its jurisdiction or acted illegally, arbitrarily, or capriciously. *Hutcherson v. Lauderdale County Bd. of Zoning Appeals*, 121 S.W.3d 372, 375 (Tenn. Ct. App. 2003). The reviewing court does not re-weigh the evidence, but must uphold the board's decision if the board acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the board's findings. *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980). These determinations are issue of law. *Id.* at 277. Our review of the trial court's conclusions on matters of law is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.2000); Tenn. R. App P. 13(d).

## *Analysis*

Upon review of the record, we cannot say the Board acted illegally, arbitrarily, or capriciously in this matter. Contrary to Mr. Brewster's assertion in this Court, we find no denial of due process by the Board. At least two public hearings were held in this matter, and the matter was deferred once in order to allow Mr. Brewster to submit additional evidence to the Planning Commission. Mr. Brewster was permitted to present witnesses at the Board hearing in September 1998, and a full hearing was held on the matter in the chancery court.

Mr. Brewster bears the burden of demonstrating that the Board's refusal to re-zone his property was arbitrary or capricious. *See Board of Comm'rs of Roane County v. Parker*, 88 S.W.3d 916, 922 (Tenn. Ct. App. 2002). It is not disputed that Mr. Brewster's property is located in a sparsely populated, rural/residential area. Moreover, contrary to Mr. Brewster's assertion in his brief to this Court, in his application for re-zoning Mr. Brewster sought not only to re-open a grocery business on the property, but also to operate a restaurant business. The minutes of the Planning Commission meeting of September 1, 1998, reflect that five letters were submitted by neighboring property owners in objection to Mr. Brewster's application, and that no one at the public hearing spoke in favor of his application. The minutes also reflect that Mr. Brewster's attorney represented that if the re-zoning were approved, Mr. Brewster would make short-term improvements to the property and would, in the long-term, make it a tourist attraction. At the September 22 hearing held

by the Board, the Board heard testimony concerning the nature of the roadways and traffic problems that would arise should the property be used to operate a club or restaurant. The Board also heard testimony from area residents that there was no demand for an additional grocery store in the sparsely populated area. Residents also voiced concerns about the operation of what amounted to a club in the rural area, where law enforcement officers are already thinly spread. Further, despite Mr. Brewster's assertion to the contrary, the transcript of the hearing before the Board reflects that the Chairman permitted full discussion of the matter, stating that the Board would hear an equal amount of testimony from both sides of the dispute, and that no additional testimony was offered.

The re-zoning proposed by Mr. Brewster in this case is clearly contrary to the Fayette County land use plan, which calls for the formation of new B-3 districts close to existing population centers and adjacent or close to road intersections. It is not disputed that Mr. Brewster's property meets neither requirement. Further, the Planning Commission determined Mr. Brewster's property "[abuts] a small residential enclave," that there is "very little population within miles," and that "the circuitous route and distance to the proposed business would not be convenient to citizens." Additionally, Mr. Brewster testified in the chancery court that, although he excluded the designation "sports bar" from the re-zoning application submitted in January 1998, he nevertheless intended to use the property as some sort of club with a sports theme. Mr. Brewster also conceded in the court below that most of the applications for re-zoning which had been approved by the Board had been from one residential classification to another residential classification, and that the Fayette County land use plan favors re-zoning for businesses along Highway 64.

In light of the entire record in this matter, and despite Mr. Brewster's assertion in the September 1998 hearing before the Board that he does not "think the Planning Commission should care where it's located" and that "[i]t could be setting in the middle of the river," we cannot say the Board acted arbitrarily or capriciously when it denied Mr. Brewster's application for re-zoning of his property from R-1 to B-3 in a sparsely populated, rural area.

### *Holding*
We affirm the judgment of the trial court.[3] Costs of this appeal are taxed to the Appellant, Robert Brewster, Jr., and his surety, for which execution may issue if necessary.

DAVID R. FARMER, JUDGE

---

[3]On appeal, Mr. Brewster asserts that the trial court erred in finding that had the Board changed the zoning classification of the property to B-3, its determination would have been invalid as a matter of law. In light of our disposition of this matter, this issue is pretermitted as requiring an advisory opinion.